**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Telecopier
Kenneth L. Baum, Esq.
Attorneys for Educational Credit
Management Corporation

| | |
|---|---|
| In re:<br><br>CATALINA VELASQUEZ,<br><br>                    Debtor.<br><br><br>CATALINA VELASQUEZ,<br><br>                    Plaintiff,<br>     v.<br><br>EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION,<br><br>                    Defendant. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CASE NO. 04-35597 (RTL)<br>HON. RAYMOND T. LYONS<br><br>Chapter 7<br><br>ADV. PRO. NO. 11-02367 (RTL)<br><br>**CERTIFICATION OF KENNETH L. BAUM, ESQ. IN SUPPORT OF DEFENDANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S ("ECMC") MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE OR, ALTERNATIVELY, TO COMPEL DISCOVERY AND AWARD COSTS AND COUNSEL FEES** |

KENNETH L. BAUM, ESQ., of full age, hereby certifies as follows:

1.      I am an attorney-at-law of the State of New Jersey and a member of the firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., attorneys for Defendant Educational Credit Management Corporation ("ECMC"). I submit this certification in support of ECMC's motion

for an order dismissing Plaintiff's complaint, with prejudice, in accordance with Fed. R. Civ. P. 41(b) (made applicable by Fed. R. Bankr. P. 7041) or, alternatively, to compel Plaintiff to respond to ECMC's discovery requests pursuant to Fed. R. Civ. P. 37 (made applicable by Fed R. Bankr. P. 7037).

2. On or about January 11, 2012, this office served Plaintiff with ECMC's Initial Request for Production of Documents and Initial Interrogatories. (See **Exhibit A**.)

3. Plaintiff failed to respond to ECMC's discovery requests within the time provided by the Federal Rules of Bankruptcy Procedure.

4. Accordingly, on or about February 17, 2012, I sent correspondence to Plaintiff, indicating that her responses to ECMC's discovery requests were overdue and reminding her of their obligation to provide responses to those requests. (See **Exhibit B**.) Plaintiff did not respond to that letter.

5. On March 19, 2012, I sent another letter to Plaintiff, reminding her that her responses to ECMC's discovery requests were still overdue, and advising her that if she did not serve those responses within three (3) days, ECMC would file a motion to compel discovery and seek an award of costs. (See **Exhibit C**.) As of this date, Plaintiff has not responded to that letter or provided me with her responses to ECMC's discovery requests.

6. Despite ECMC's good faith efforts, Plaintiff has failed to cooperate in the discovery process and has delayed these proceedings. Plaintiff's dilatory conduct and willful bad faith in dealing with ECMC warrants dismissal of her claims against ECMC with prejudice. See, e.g., Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (discussing factors warranting dismissal for failure to prosecute). Plaintiff has demonstrated that she does not intend

40475/0205-8397987v1

to prosecute this adversary proceeding diligently, and that she lacks any regard for the fact that she is wasting this Court's time and causing ECMC to incur unnecessary expenses.

7.     Alternatively, if this Court declines to dismiss Plaintiff's claims against ECMC, this Court should enter an order compelling Plaintiff to answer ECMC's discovery requests. ECMC requires these responses so that it can properly evaluate Plaintiff's case and prepare an appropriate defense.  Moreover, ECMC should not be required to absorb the costs and counsel fees associated with filing and prosecuting this motion because it was necessitated by the Plaintiff's willful failure to comply with the Federal Rules of Bankruptcy Procedure.

8.     For these reasons, ECMC respectfully requests that this Court enter an order dismissing Plaintiff's complaint with prejudice for failure to prosecute this case or, alternatively, directing Plaintiff to respond to ECMC's discovery requests.  In addition, this Court should award ECMC the reasonable costs, including attorneys' fees, incurred in connection with the filing and prosecution of this motion pursuant to Fed. R. Civ. P. 37(a)(5)(A), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7037, upon submission of an appropriate Certification of Services.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Kenneth L. Baum*
Kenneth L. Baum

DATED:  March 26, 2012