# EXHIBIT A



COLE SCHOTZ
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law          A Professional Corporation

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602-0800
201-489-3000  201-489-1536 FAX
—
NEW YORK
—
DELAWARE
—
MARYLAND
—
TEXAS

Kenneth L. Baum
MEMBER
ADMITTED IN NJ AND NY

Reply to New Jersey Office
WRITER'S DIRECT LINE: 201-525-6327
WRITER'S DIRECT FAX: 201-678-6327
WRITER'S E-MAIL: KBAUM@COLESCHOTZ.COM

January 11, 2012

Ms. Catalina L. Velasquez
144 Monmouth Road
Oakhurst, NJ  07755

      Re:    Velasquez v. Educational Credit Management Corporation
             Adv. Pro. No. 11-02367 (RTL)

Ms. Velasquez:

      Enclosed please find Educational Credit Management Corporation's Initial Interrogatories to Plaintiff, Initial Request for Production of Documents and Initial Disclosures.

      Please call me if you have any questions.

                              Very truly yours,

                              Kenneth L. Baum

KLB:bef
Enclosures

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue
New York, New York 10022
(212) 752-8000
(212) 752-8393 Facsimile
Attorneys for Educational Credit Management Corporation

|  |  |
|---|---|
| In re:<br><br>CATALINA VELASQUEZ,<br><br>         Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. RAYMOND T. LYONS<br>CASE NO. 04-35597 (RTL)<br><br>Chapter 7 |
| CATALINA VELASQUEZ,<br><br>         Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION,<br><br>         Defendant. | ADV. PRO. NO. 11-02367 (RTL)<br><br>**EDUCATIONAL CREDIT MANAGEMENT<br>CORPORATION'S INITIAL<br>INTERROGATORIES TO PLAINTIFF** |

TO:    Catalina L. Velasquez
        144 Monmouth Road
        Oakhurst, NJ 07755
        Plaintiff *pro se*

      PLEASE TAKE NOTICE that Educational Credit Management Corporation ("ECMC")

hereby demands that you answer the following Interrogatories and produce the documents

requested therein pursuant to Fed. R. Civ. P. 33, made applicable to this proceeding by Fed. R.

Bankr. P. 7033, within thirty (30) days after the service hereof to the undersigned attorneys for

ECMC.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Educational Credit Management
Corporation

By:_____
       Kenneth L. Baum

DATED:  January 10, 2012

40475/0205-8200371v1

## INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 33, you are to furnish all information available to you and to your agents, employees and attorneys in answering the following Interrogatories and to serve your answers within thirty (30) days from the date of service of the Interrogatories.

1.      If the information requested is not known or reasonably available in the precise form and scope requested, or for the particular date or period specified, but can be supplied partially, in a modified form or for a different but relevant date or period, set forth the best information available together with a statement of the reasons that the answer is not completely responsive to the interrogatory together with the identity of any documents or sources from which more complete information is obtainable.

2.      Whenever an interrogatory calls for information with respect to "each" one of a particular type of occurrence, communication or other matter of which more than one exists, identify separately, and in chronological order, each instance of the occurrences, communications or other matters referred to, and provide for each such instance all of the information called for immediately following such identification.

3.      To the extent that you believe that any of the interrogatories calls for information contained in documents or communications subject to a claimed privilege, answer so much of such interrogatory or interrogatories, and each part thereof, as does not request, in your view, allegedly privileged information, and identify each such document and communication and set forth the basis for your claim of privilege with respect to the information which you refuse to furnish.

4.      To the extent that you believe that any of the interrogatories is objectionable, answer so much of each such interrogatory and each part thereof as is not, in your view,

objectionable, and separately state so much of that part of each interrogatory as to which you raise objection and each ground for each such objection.

5.     When referring to a fact or conclusion, give all the circumstances upon which the fact or conclusion is based or which touch upon the same.

6.     In responding to each interrogatory, identify the person(s) consulted in preparing the particular response, and, if different, the person(s) most familiar with the facts identified in the response.

7.     Pursuant to Fed. R. Civ. P. 26(e), you are required to supplement your responses to these interrogatories.

8.     When you are requested to set forth the "full factual basis" of an allegation contained in your Complaint, please set forth the following:

(a)     All facts known to you that support the allegation;

(b)     The names and addresses of all persons with knowledge of those facts;

(c)     A description by date, author and location of every document in any way involved in the factual basis for such allegation;

(d)     Where the factual basis involves a conversation or conversations, set forth the names and addresses of each person participating in the conversation, the date, time and place of each such conversation, and set forth the words spoken by each party or, if the words are not known with precision, set forth a summary of what was said by each party.

## DEFINITIONS

A.     The word "document" or "documents" refers to any printed, written, taped, recorded, graphic, computerized print-out, or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including, but not limited to, the original, a copy (if the original is not available) and all non-identical copies (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, cables, contracts (signed or unsigned), proposals, agreements, minutes, notes, requisitions, memoranda, analyses, projections, work papers, books, papers, records, reports, diaries, statements, questionnaires, books of account, calendars, graphs, charts, transcripts, ledgers, registers, worksheets, summaries, digests, financial statements, data sheets, data processing cards, disks, data processing files, tapes, e-mails, and other compilations from which information can be obtained or translated, computer print-outs, computer readable materials, and all other information or data, records or compilations, including all underlying supporting or preparatory material now in your possession, custody or control, or available to you, your counsel, accountants, agents, representatives or associates.  "Document" or "documents" specifically includes documents kept by individuals in their desks, at home or elsewhere.

B.     When asked to "identify" or "for the identity" of any natural person, set forth (i) the full name and present or last-known business or residence address of such person; (ii) his or her present or last-known business affiliation; (iii) his or her present telephone number, with the area code prefix; and (iv) his or her position and business affiliation, including a description of his or her duties or responsibilities at the time of or during the period in question.

C.     When asked to "identify" or "for the identity" of any entity other than a natural person, set forth its:  (i) full name or title; (ii) address, telephone number with area code prefix;

(iii) date and jurisdiction under the laws of which it was organized or incorporated, or, in the case of any entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization; and (iv) the identity of all persons who acted or who authorized another to act on its behalf in connection with the matters referred to.

D.     When asked to "identify" or "for the identity" of a document, you are required to furnish a copy of each such document in lieu of identifying the same. When furnishing a copy of a document, specify the interrogatory being answered in this manner, and identify the document so supplied to show the interrogatory to which the document relates. If a copy of a particular document is not available, then set forth: (i) its date and general type of category (i.e., letter, contract, memorandum); (ii) the identity of its author and each person who aided or assisted in its preparation, including persons who contributed information contained in or submitted for use in such document; (iii) the identity of each addressee and other distributee to whom the document was directed, distributed and by whom it was received, read or both; (iv) the identity of its last-known location or custodian; (v) the reason or reasons for the inability to locate such document and the circumstances of its unavailability[1]; (vi) if the document is no longer in your possession or control and the circumstances of its disposition are known, set forth the date and circumstances of the disposition thereof, as well as the identity of the person or entity to whom custody or possession was given; and (vii) its subject matter and substance.[2]

---

[1] If the document is one of a series of two or more pages contained in a book, pamphlet, binder or folder or, in the case of magnetic tape, microfilm, printouts, etc., is contained in a portion thereof, include in your identification of such document any available numerical reference (or other available descriptive aid) to the particular pages and lines or other portion thereof at which the information referred to in said interrogatory or in your answer thereto appears.

[2] The subject matter and substance of any document of which a legible copy or other reproduction is annexed to the answers to these interrogatories need not be provided.

40475/0205-8200371v1

E.     When asked to "identify" or "for the identity" of an oral communication, set forth: (i) the date and place thereof or, in the case of a telephone conversation, so indicate and state the places at which the parties thereto were located at the time thereof; (ii) the identity of each person participating in or who was present during or otherwise heard such communication; (iii) the complete substance of each statement attributed to each person participating therein in the sequence of such statements or, to the extent the foregoing particulars are not known or subject to reasonable ascertainment, the subject matter of such communication and as many of the requested particulars as are known or ascertainable; and (iv) identify, in accordance with the prior requirements hereof, all documents which may have been prepared on the basis of, as a consequence of, or which contain information relative to the specific details, subject matter or substance thereof.

F.     When asked to "describe" or for the "description" of any act, occurrence, occasion, conference, discussion, instance or event, set forth:  (i) the date, time and place thereof; (ii) the identity of each person who participated therein or was a witness thereto; (iii) in chronological sequence, the actions, statements, utterances and course of conduct of each such person thereat together with anything else that transpired thereat; and (iv) the identification of each communication or document which refers thereto or which was prepared or made during the course thereof or as a result thereof.

G.     The term "communication" includes or requests information relating to all oral communications and "documents" (as defined above), whether or not any such document, or the information contained therein, was transmitted by its author to any other person.

H.     The term "Debtor", "You" or "Your" means Catalina Velasquez, the above-captioned debtor and plaintiff.

7

I.        The term "person" or "persons" means a natural person, firm, proprietorship, association, partnership, corporation, limited liability company, or any other type of organization or entity.

J.        The term "ECMC" means Educational Credit Management Corporation and any agents, representatives, employees, or other persons acting on its behalf.

K.        The term "Dependents" means any person or persons for which the Debtor has financial responsibility.

L.        The term "Complaint" means the Complaint filed by the Debtor in this bankruptcy case, bearing Adv. Pro. No. 11-02367 (RTL).

M.        The term "Answer" means the Answer filed by ECMC in this adversary proceeding.

N.        The terms "and" or "or" at all times mean "and/or".

O.        The term "relating to" means concerning, embodying, considering, mentioning, respecting, bearing on, referring to or addressed, in whole or in part, to the referenced subject.

40475/0205-8200371v1

# INTERROGATORIES

1.      Identify the person or persons answering these Interrogatories and the age of such person or persons.

2.      Identify all persons that you may call as witnesses at trial and summarize their anticipated testimony.

3.      Identify each proposed expert witness upon whom you intend to rely at trial and, as to each proposed expert witness, set forth in full and complete detail:

(a)      the subject matter upon which the proposed expert witness is expected to testify;

(b)      a complete summary of the grounds for all facts and opinions to which the proposed expert witness is expected to testify;

(c)      the field of expertise of each such proposed expert witness;

(d)     provide a summary of the expert's educational and professional qualifications and/or attach a resume or curriculum vitae;

(e)     the exact title of any article or publication written by the proposed expert witness relating in any way to his or her field of expertise or to this action, and as to each such item, set forth the name and address of the publisher and date of publication;

(f)     whether the facts and opinions listed above are contained in a written or oral report, memoranda or other writing.  With respect to oral reports, set forth in full and complete detail the substance of all such oral reports, giving the dates, time and places thereof.

4.     If any proposed expert witness identified in the preceding interrogatory intends to rely upon any textbook paper or authority to substantiate any opinions or conclusions, set forth in full and complete detail the exact title of each such textbook, paper or authority, the name of the author, the name and address of the publisher, the date when published and the specific section, subsection or part of the textbook, paper or authority upon which the expert will rely.

5.     If any proposed expert witness intends to render an opinion based upon an established standard, set forth the following:

(a)     an identification of the standards relied upon, including, if applicable, the title, publisher, edition and date when issued;

(b)     a precise identification and description of the specific standards relied upon, including, if applicable, reference to specific sections and subsections of the standard(s);

(c)     whether the standards have been superseded, altered or amended at any time and, if so, the dates and nature of the alterations and amendments;

(d)     in what respects the standards identified are applicable to this action; and

(e)     in what respects, if any, the standards were not followed.

6.     If you are currently unemployed, state the following:

(a)     Date when last employed.

11

(b)     Efforts made to obtain employment since becoming unemployed.

(c)     Identify each employment agency or service and each prospective employer that you have contacted to obtain employment since last becoming unemployed and the result of each contact.

(d)     If you have made no efforts to obtain employment, describe why no such efforts have been made.

7.     For each job that you have held in the last five (5) years, including Debtor's current job(s), if any, provide the following information:

(a)     Dates that you worked for the employer.

(b)     Employer name, address and telephone number.

40475/0205-8200371v1

       (c)     Position held and the duties performed for the employer.

       (d)     How wages are or were calculated (e.g. hourly, monthly, commission, tips, overtime, etc.) together with the applicable commission rate and/or hourly rate and/or total monthly salary.

       (e)     The number of hours worked per week.

       (f)     Gross and net monthly income, identifying each deduction made from the gross income.

       (g)     State the reason for termination.

    8.     Identify any license that you obtained or held in the last ten (10) years that permits you to engage in a specific occupation or profession. State whether you currently maintain this license(s) and if not, why.

40475/0205-8200371v1

9.    Identify each person who depends upon you for support and list each person's date of birth, source of income, total monthly income, and whether they are presently a member of your household.  Include in the answer any child support, alimony, or maintenance paid on behalf of such Dependent by another person or entity.

10.    If you have any Dependents who are presently employed, state the following:

(a)    Name of the employed Dependent.

(b)    The employer's name, address and phone number.

(c)    The position held and the gross and net monthly compensation.

(d)    The number of hours worked per week.

14

11.     If you have a spouse or any Dependents who are not presently employed, state the reason(s) for current unemployment, state the last date which they were employed, identify the last employer and how wages were calculated (e.g. hourly, monthly, commission, tips, overtime, etc.) together with the commission rate and/or hourly rate and/or total monthly salary received.

12.     Identify whether you or any Dependents suffer from any physical or mental disability.  If so, provide the name of the person suffering from such disability, the nature of the disability, whether such disability is temporary or permanent, when the disability began, the nature of the treatment, the frequency of treatment, the source of payment for any such treatment, the name of the provider or providers of such treatment, the existence of any insurance to pay for such treatment and the extent of coverage, any governmental assistance available or actually being provided to pay for such treatment, and the cost of the treatment.

13.     Identify whether anyone other than you lives in your household.  For each, provide the following:

(a)     Name of each person.

(b)     Age of such person(s).

40475/0205-8200371v1

(c)     The amount such person(s) pays for rent to you or that the person(s) contributes to the payment of household expenses.

14.     Identify any assistance that you have received from any charity or governmental body in the past two years or are currently receiving, including the name of the charity or governmental body, the amount or nature of the assistance received, the dates such assistance was received and the date, if any, such assistance is to be terminated.

15.     State specifically the nature and amount of any debts which you have incurred since the filing of this bankruptcy case.  Identify all documents relating to said debt(s).

16.     State both the adjusted gross income on Debtor's federal tax return and the amount, if any, of all federal and state tax refunds for the past five (5) years.  Attach copies of such tax returns.

17.     Provide the following information with respect to each school that you attended after high school, including any school that you are presently attending, if applicable:

(a)     The name and address of each school.

40475/0205-8200371v1

(b)     The dates of enrollment at each school.

(c)     The concentration or major field of study at each school.

(d)     Whether you attended or are attending as a full-time, half-time or less than half-time student.

(e)     Nature of any degree that you received or will receive from such school.

(f)     Source of payment for tuition at such school.

18.     If you withdrew prior to graduation, state the date of such withdrawal and the attempts, if any, you made to notify the lender of the withdrawal, including the date of such attempts.

19.     State all attempts that you have made to repay the student loans which were guaranteed by ECMC or which are presently held by ECMC, and state whether you have made attempts to modify the terms of any such student loans, including whether you have attempted to consolidate such loans through the William D. Ford Loan Consolidation Program. Attach copies of all documents you utilized in answering this interrogatory.

20.     Identify whether, since the filing of this bankruptcy case, you have reaffirmed or otherwise agreed or promised to repay any debts which you incurred prior to the filing of this bankruptcy case. If so, provide the name and address of each creditor to whom such obligation was owed, the nature and value or the collateral held by each such creditor, if any, the date any security interest or mortgage securing such obligation was first fully attached and perfected, the amount you reaffirmed or otherwise agreed or promised to repay, and your relationship by blood or marriage, if any, to the creditor.

21.     State whether you have contacted any attorneys to investigate or commence any lawsuits against any person or entity and/or whether you have settled any lawsuits or causes of action for which you are expected to be awarded any money or ownership or any property since this bankruptcy case was commenced. If so, identify the nature of the expected award.

22.     Identify the value of any money or property you have inherited within the last ten (10) years.

23.     Itemize the average monthly amount that you or your household has paid over the past six months for rent/mortgage payments, electricity, heat, water, telephone, cars, insurance, groceries, meals outside of household, recreation, medicine, clothing, child care, installment payments and other necessities.

40475/0205-8200371v1

24. Identify whether you expect any of the expenses listed in the preceding Interrogatory to be reduced or paid in full over the next twelve (12) months. If so, identify the expense, and the date of the expected reduction or payment in full.

25. Itemize the source and amount of your total gross household income expected to be received over the next twelve (12) months, including any income from self-employment, partnerships or trusts. Identify all documents you utilized in answering this interrogatory.

26. Identify and explain in detail any adverse economic or financial changes you or your Dependents, if any, experienced after the student loan(s) in questions were incurred.

27. With respect to your claim that repayment of the student loans will impose an undue hardship, state each and every circumstance that is believed to be applicable in this case which would result in an undue hardship if the educational loan debt in question is not excepted from discharge in this case.

28. State all facts supporting your view, if any, that your current state of financial affairs will persist in the future and for how long such state shall persist.

40475/0205-8200371v1

29.     State whether you have ever been married.  If so, state (a) the status of your marriage, (b) the custody arrangements, if any, that exist with respect to your children, (c) the name, address and telephone number of any spouse (past or present), and (d) whether any spouse or former spouse has contributed to your expenses within the last three (3) years.

40475/0205-8200371v1

# CERTIFICATION

I certify that the foregoing answers to interrogatories are true to my personal knowledge.

I further certify that in responding to the foregoing interrogatories I have furnished all information available to me and to my agents, employees and attorneys. As to those answers which are not within my personal knowledge, I certify that I have provided the name and address of every person from whom such information was received, or, where the source of such information is documentary, a full description of the document including its location.

I further certify that the copies of the reports annexed hereto rendered by the proposed expert witnesses are exact copies of the entire report or reports rendered by them and that the existence of other reports of said experts, either written or oral, are unknown to me at the present, and if such later become known or available, I will serve them promptly on the propounding party. Moreover, I certify that the copies of the documents attached hereto are true copies of the documents in my possession.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
CATALINA VELASQUEZ

DATED: _____

40475/0205-8200371v1

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue
New York, New York 10022
(212) 752-8000
(212) 752-8393 Facsimile
Attorneys for Educational Credit Management Corporation

| | |
|---|---|
| In re:<br><br>CATALINA VELASQUEZ,<br><br>               Debtor.<br><hr>CATALINA VELASQUEZ,<br><br>               Plaintiff,<br><br>      v.<br><br>EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION,<br><br>               Defendant. | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: HON. RAYMOND T. LYONS<br>: CASE NO. 04-35597 (RTL)<br>:<br>:<br>:               Chapter 7<br>:<br>:<br>:<br>: ADV. PRO. NO. 11-02367 (RTL)<br>:<br>: **EDUCATIONAL CREDIT MANAGEMENT**<br>: **CORPORATION'S INITIAL REQUEST**<br>: **FOR PRODUCTION OF DOCUMENTS TO**<br>: **PLAINTIFF**<br>:<br>:<br>:<br>:<br>:<br>: |

TO:    Catalina L. Velasquez
       144 Monmouth Road
       Oakhurst, NJ 07755
       Plaintiff *pro se*

     PLEASE TAKE NOTICE that Educational Credit Management Corporation ("ECMC")

demands that you produce the documents on the annexed schedule and permit the inspection and

copying of same pursuant to Fed. R. Civ. P. 34, made applicable to this proceeding by Fed. R.

Bankr. P. 7034, within thirty (30) days after the service hereof to the undersigned attorneys for

ECMC.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Educational Credit
Management Corporation

By: _____
　　　　Kenneth L. Baum

DATED:  January10, 2012

40475/0205-8200393v1

# INSTRUCTIONS

1.     Each production request shall be construed to include documents within your possession, custody or control or the possession, custody or control of your agents as of the date of your response to these production requests as well as any document that subsequently is obtained or discovered and that demonstrates that any production originally provided in your response to these production requests was incorrect or incomplete in any way when made or subsequently became incorrect or incomplete; such supplemental documents to be promptly supplied.

2.     If you object to any request as unduly burdensome, provide those documents which can be produced without undue burden.  For such documents that you claim are too burdensome to produce, describe the process or method required to obtain those documents, the quantity and location of documents involved, and the anticipated costs of the search.

3.     To the extent that you believe that any of the documents requested contains privileged information, produce so much of such documents and each part thereof, as would not violate the privilege and, as to each such document that you claim is privileged, provide the basis for your claim of privilege.  Also, identify and generally describe the privileged document with the date the document was created and who created, sent it, received it and reviewed it.

4.     If you object to any document request, provide the basis of your objection.

5.     If any document which forms a part of or the entire basis for any response to these production requests has been destroyed, for each such document state when it was destroyed, identify the person who destroyed the document, and the person who directed that it be destroyed.  Also, detail the reasons for the destruction, describe the

3

nature of the document, identify the persons who created, sent, received or reviewed the document, and state in as much detail as possible the contents of the document.

6.     In producing the requested documents, identify the numbered request to which the document responds.

40475/0205-8200393v1

# **DEFINITIONS**

A. The word "document" or "documents" refers to any printed, written, taped, recorded, graphic, computerized print out, electronic mail or other form of digitally transmitted information, or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including, but not limited to, the original, a copy (if the original is not available) and all non identical copies (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, cables, contracts (signed or unsigned), proposals, agreements, minutes, notes, requisitions, memoranda, analyses, projections, work papers, books, papers, records, reports, diaries, statements, questionnaires, books of account, calendars, graphs, charts, transcripts, ledgers, registers, worksheets, summaries, digests, financial statements, data sheets, data processing cards, disks, data processing files, tapes and other compilations from which information can be obtained or translated, computer print outs, computer readable materials, e-mails, and all other information or data, records or compilations, including all underlying supporting or preparatory material now in your possession, custody or control, or available to you, your counsel, accountants, agents, representatives or associates. "Document" or "documents" specifically includes documents kept by individuals in their desks, at home or elsewhere.

B. The term "communication" includes or requests information relating to all forms of information transmitted, whether oral or written, and "documents" (as hereinabove defined), whether or not any such document, or the information contained therein, was transmitted by its author to any other person.

40475/0205-8200393v1

C.       The term "Debtors", "you" or "your" means Catalina Velasquez, whose case is pending in the United States Bankruptcy Court for the District of New Jersey under Case No. 04-35597 (RTL).

D.       The term "person" means a natural person, firm, proprietorship, association, partnership, corporation, limited liability company, or any other type of organization or entity including their agents, employees, representatives, successors, predecessors and anyone else acting or purporting to act on their behalf.

E.       The term "ECMC" means Educational Credit Management Corporation and any agents, representatives, employees, or other persons acting on its behalf.

F.       The term "Dependent" means any person or persons for which the Debtors have assumed financial responsibility.

G.       The term "Complaint" means the Complaint filed by the Debtor in her bankruptcy case, bearing Adv. Pro. No. 11-02367 (RTL).

H.       The term "Answer" means the Answer filed by ECMC in this adversary proceeding.

I.       The terms "and" or "or" at all times mean "and/or."

J.       The term "relating to" means concerning, embodying, considering, mentioning, respecting, bearing on, referring to, or addressed, in whole or in part, to that subject.

6

# DOCUMENTS TO BE PRODUCED

Demand is hereby made that you produce all of the following documents:

1.      Any and all documents identified in your responses to the initial set of interrogatories propounded by ECMC upon you, or which relate in any way to your responses.

2.      Any and all documents which constitute, memorialize, or evidence the financial status (income, expenses, assets and liabilities) of the Debtor during the past five (5) years.  Such documents shall include, but not be limited to, accounting books and records, bank statements, all checking and savings account registers, federal and state tax returns, financial statements, credit card statements for the past 5 years, audits and any and all other financial records or reports of whatever description reflecting any part of the income, expenses, assets and liabilities of the Debtor.

3.      A true and exact copy of your entire bankruptcy petition and all schedules as filed with this Court, as well as drafts of all such documents.

4.      If you claim that you or any one of your Dependents is experiencing physical or mental health problems which contribute to the existence of undue hardship, produce (i) any and all copies of medical documents in your possession, or which are readily obtainable, that substantiate the existence, extent and prognosis of any illnesses, injuries or physical (or mental) impairments from which you allege you suffer, or which you have suffered within the last five (5) years, and (ii) any and all documents which tend to substantiate your recurring monthly expenditures of whatever amount for doctor, dentist, therapist, medicine and medical expenses.

5.      Any and all documents relating to the Debtor's allegation that she is entitled to a hardship discharge of her student loans.

40475/0205-8200393v1

6.      Any and all documents, including correspondence, relating to the student or educational loan(s) for which you seek a discharge, including all documents reflecting any and all payments made by you on account of such loan(s).

7.      Any and all reports of any expert that you intend to call at trial of this matter, together with all drafts of such reports.

8.      Any and all documents relating to any insurance held by you that covers any of your expenses, including, but not limited to, expenses for the care and treatment of your Dependents.

9.      Any and all documents relating to any income that you or your Dependents received during the last five (5) years, including, but not limited to Social Security income, governmental assistance, tax returns and payroll stubs and records.

10.     Any and all documents including, but not limited to, any employment records, relating to any job that you have held during the last five (5) years.

11.     Any and all documents relating to any job that you have sought, applied for, or otherwise attempted to secure during the last five (5) years.

12.     Any and all leases, employment agreements, mortgages and all other documents and agreements to which you are a party.

13.     Any and all documents relating to any assets owned by you and your Dependents including, but not limited to deeds, account statements, stocks, bonds, promissory notes, pension or retirement plan statements, insurance policies, patents, copyrights or inventions.

14.     Any and all documents relating to any liabilities of the Debtor's Dependents.

15.     Any and all documents, including monthly household bills for the last two (2) years, that reflect your monthly expenditures.

40475/0205-8200393v1

16.     Any and all documents reflecting that, based upon your current income and expenses, a minimal standard of living cannot be maintained by you if you are forced to pay the loan(s) at issue in the Complaint and that the situation is likely to persist for a significant portion of the repayment period of such loans.

17.     Any and all documents evidencing that you have made a good faith effort to repay the subject loan(s).

18.     Any and all documents relating to all health and medical expenses you incurred, for yourself, your spouse and your Dependents, in the past five (5) years, whether or not you have been reimbursed by insurance for such expenses.

19.     Any and all trust agreements in which you are named as trustor, trustee or beneficiary.

20.     Any and all documents evidencing any interest you have in real estate including, but not limited to, any and all documents reflecting the fair market value of the property or properties, whether the property or properties are encumbered by liens and, if so, the amount of the lien on each property.

21.     Copies of all stocks, bonds or other securities of any class which you own, including options to purchase securities.

22.     All documents evidencing an interest you possess in any pension plan, retirement fund or profit sharing plan.

23.     All promissory notes held by you and all other documents evidencing any money owed to you either now or in the future.

24.     All documents evidencing any interest you have in any patent, copyright, invention or any royalties therefrom.

9

25.     Each and every document you intend to introduce as either an exhibit or evidence at the trial on this matter.

40475/0205-8200393v1

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue
New York, New York 10022
(212) 752-8000
(212) 752-8393 Facsimile
Attorneys for Educational Credit Management Corporation

|  |  |
|---|---|
| In re:<br><br>CATALINA VELASQUEZ,<br><br>Debtor. | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: HON. RAYMOND T. LYONS<br>: CASE NO. 04-35597 (RTL)<br>:<br>:<br>:               Chapter 7<br>: |
| CATALINA VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION,<br><br>Defendant. | : ADV. PRO. NO. 11-02367 (RTL)<br>:<br>: **EDUCATIONAL CREDIT MANAGEMENT**<br>: **CORPORATION'S INITIAL**<br>: **DISCLOSURES PURSUANT TO FED. R.**<br>: **CIV. P. 26(a)(1)**<br>:<br>:<br>:<br>: |

In accordance with Fed. R. Civ. P. 26(a)(1), made applicable to this adversary proceeding

by Fed. R. Bankr. P. 7026, Educational Credit Management Corporation ("ECMC"), by and

through its undersigned counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., makes the

following initial disclosures:

1.      Name, address and telephone number of each individual likely to have

discoverable information that ECMC may use to support its claims or defenses, and subjects of

the information.

**Disclosure:**

        (a)      Julie Swedback, Esq.
                  Educational Credit Management Corporation
                  1 Imation Place, Building 2
                  Oakdale, MN  55128
                  Telephone:  651-221-0566

                  <u>Subjects</u>:  ECMC's books and records and account history pertaining to loans involved in this adversary proceeding.

        (b)      Ms. See Khang
                  Educational Credit Management Corporation
                  1 Imation Place, Building 2
                  Oakdale, MN  55128
                  Telephone:  651-221-0566

                  <u>Subjects</u>:  ECMC's books and records and account history pertaining to loans involved in this adversary proceeding.

2.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of ECMC that may be used to support ECMC's defenses.

**Disclosure:**

Documents relevant to the issues raised in the Complaint are in computer readable format or are located at ECMC's offices in Oakdale, Minnesota under the custody and control of ECMC and are available for inspection and copying upon reasonable request at the offices of Cole, Schotz, Meisel, Forman & Leonard, P.A., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601.  Such documents may include, among other things, some or all of the following: (i) loan applications and promissory notes; (ii) student status verifications; (iii) notice of loan guarantee and disclosure statements; (iv) loan payment and account information; and (v) correspondence.

3.     Computation of any category of damages claimed by ECMC, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not

2

privileged or protected from disclosure, on which such computation is based, including materials bearing on the amount outstanding under the consolidated loans at issue in this adversary proceeding.

**Disclosure**:

Although ECMC does not concede that this Court has subject matter jurisdiction to adjudicate an accounting of the amounts owed, but only to determine dischargeability under 11 U.S.C. § 523(a)(8), ECMC is owed certain sums in connection with unpaid consolidated student loans pertaining to Plaintiff. As of November 1, 2011, the aggregate balance was approximately $28,820.99. The documentation supporting this calculation is available for inspection and copying. The total outstanding loan balances are subject to change.

4.  Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Disclosure**: Not Applicable.

ECMC reserves the right to amend these disclosures.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Educational Credit Management
Corporation

By: _____
Kenneth L. Baum

Dated: January 10, 2012

40475/0205-8200444v1

# EXHIBIT B



**COLE SCHOTZ**
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law          A Professional Corporation

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602-0800
201-489-3000   201-489-1536 FAX

—
NEW YORK
—
DELAWARE
—
MARYLAND
—
TEXAS

**Kenneth L. Baum**
MEMBER
ADMITTED IN NJ AND NY

Reply to New Jersey Office
WRITER'S DIRECT LINE: 201-525-6327
WRITER'S DIRECT FAX: 201-678-6327
WRITER'S E-MAIL: KBAUM@COLESCHOTZ.COM

February 17, 2012

Ms. Catalina L. Velasquez
144 Monmouth Road
Oakhurst, NJ 07755

    Re:    Velasquez v. Educational Credit Management Corporation
           Adv. Pro. No. 11-02367 (RTL)

Ms. Velasquez:

    On January 11, 2011, we served you with Educational Credit Management Corporation's Initial Interrogatories to Plaintiff and Initial Request for Production of Documents. Your responses are now overdue. Please provide same at your earliest convenience to avoid a motion to compel discovery.

    Thank you.

                    Very truly yours,

                    Kenneth L. Baum

KLB:bef
Enclosures

# EXHIBIT C



**COLE SCHOTZ**

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law        A Professional Corporation

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602-0800
201-489-3000   201-489-1536 FAX

—
NEW YORK
—
DELAWARE
—
MARYLAND
—
TEXAS

**Kenneth L. Baum**
MEMBER
ADMITTED IN NJ AND NY

Reply to New Jersey Office
WRITER'S DIRECT LINE: 201-525-6327
WRITER'S DIRECT FAX: 201-678-6327
WRITER'S E-MAIL: kbaum@coleschotz.com

March 19, 2012

Ms. Catalina L. Velasquez
144 Monmouth Road
Oakhurst, NJ 07755

Re:   Velasquez v. Educational Credit Management Corporation
        Adv. Pro. No. 11-02367 (RTL)

Dear Ms. Velasquez:

Despite my prior request, we still have not received your responses to ECMC's Initial Interrogatories and Initial Request for Production of Documents. Accordingly, if I do not receive said responses within three (3) days of this letter, we will file a motion to dismiss your case and seek an award of costs.

Please be guided accordingly.

Very truly yours,

Kenneth L. Baum

KLB:bef